UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMIT BHANTI, individually | ) |
| and | ) |
| CHARU BHANTI, individually | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE COLLECTION FIRM, LLC, a California company, | ) |
| and | ) Case No. |
| DAVID KAHANA, Individually and as an officer of the company, | ) |
| Defendants. | ) |

**COMPLAINT FOR CIVIL DAMAGES, INJUCTIVE AND OTHER RELIEF**

Plaintiffs, Amit Bhanti and Charu Bhanti, by their attorney Syed E. Ahmad, for their Complaint, state as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Fair Debt Collection Practices Act ("FCPA").

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1332, and 15 U.S.C. § 1692 (d).

3. Venue is proper in the United States District Court for the Central District of Illinois under 15 U.S.C. § 1692 (d) and 28 U.S.C. § 1391 (b) (2).

1

**PLAINTIFF**

4. The Plaintiffs are individuals residing in Peoria County, Illinois. They bring this action due to the harassment and abuse suffered at the hands of the Defendants while in Peoria County.

5. Each plaintiff is a "consumer" as defined under 15 U.S.C. § 1692a (3). "Consumer" means any natural person … allegedly obligated to pay any debt.

**DEFENDANTS**

6. Defendant David Kahana is, upon information and belief, an unlicensed debt collector operating out of Los Angeles County, California. He is the presumed owner of The Collection Firm, LLC.

7. Defendant The Collection Firm, LLC is, upon information and belief, a company registered in California but was suspended by the California Franchise Tax Board on March 1, 2021.

8. Defendant David Kahana works individually and for The Collection Firm, LLC.

9. Both Defendants act in the capacity of "collectors" but are not currently licensed to do so with the State of California.

**FACTS COMMON TO ALL COUNTS**

10. On or about June 18, 2022, Plaintiffs received a call from Defendants stating that Plaintiffs' adult son owes money in the amount of $175,000 to Defendant's client, Dre Medici, an individual.

11. Plaintiff informed the Defendants that Plaintiff is not responsible for the debts of others.

12. Defendants threatened to sue the Plaintiffs for the debt.

13. Defendants continued to call Plaintiffs, repeatedly (over 20 ties) between 19 and June 21, 2022.

14. Defendant Kahana informed Plaintiffs that he will keep calling him and that he will call their family, friends, and business interests until Plaintiffs' adult son's debts are paid.

15. On June 21, 2022, Plaintiff Amit Bhanti informed Defendant Kahana that Defendants may not contact him directly but should rather contact Plaintiffs' attorney.

16. On June 22, 2022, Defendant Kahana called the attorney's office and eventually spoke to the Plaintiff's attorney.

17. One June 22, 2022, Defendant Kahana were served with a written notice to cease all communications with Plaintiff Amit Bhanti – whether directly or indirectly. Notice was also mailed certified to the Defendants and delivered on June 27, 2022. Exhibit A.

18. On June 23, 2022, Defendants stated that they do not intend to "cease or desist." Exhibit B.

19. On June 23, 2022, Defendants were requested by Plaintiff's counsel to provide all documentation that Plaintiff Amit Bhanti owes Defendants' clients any debts. Exhibit C.

20. On June 23, 2022, Defendant Kahana responded, "I have never said your client owes anything." Defendant Kahana further wrote, "He had knowledge not personal liability counselor. I never implied more!" Exhibit D.

21. Defendant Kahana's written communication took place using his email address provided by Defendant The Collection Firm: david@thecollectionfirm.net.

22. Defendant Kahana was acting in his individual capacity.

23. Defendant Kahana was also acting on behalf of Defendant The Collection Firm.

24. Thereafter, starting June 24, 2022, Defendant Kahana called Plaintiff at least 3 times.

25. Thereafter, between June 25, 2022 and June 30, 2022, Defendant Kahana called Plaintiff's business associates and employees more than 40 times.

26. During his calls, Defendant Kahana repeatedly used obscene and profane language (specifically "fucking," "fuck face" and "mother fucker").

27. The above referenced obscene and profane language was used in multiple calls with Plaintiff.

28. The above referenced obscene and profane language was used in calls with Plaintiff's business associates and employees, making it difficult for the employees to continue their work.

29. The low morale of the employees and their refusal to handle calls resulted in business losses.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**COUNT I**

30. In connection with the collection of a debt, Defendants, directly or indirectly violated the FDCPA when they:

a. Communicated with the alleged consumer (Plaintiff) after being informed that consumer is represented by an attorney in violation of 15 U.S.C. § 1692a (a)(2);

b. Communicated with the alleged consumer (Plaintiffs) after being told to cease communication in violation of 15 U.S.C. § 1692a (c);

c. Communicated with the alleged consumer (Plaintiffs) that they will be sued for the debts that do not belong to Plaintiff in violation of 15 U.S.C. § 1692e (5);

d. Communicated with the alleged consumer (Plaintiffs) using obscene and profane language in violation of 15 U.S.C. § 1692d (2);

e. Caused the telephone to ring and engaged the Plaintiffs in telephone calls repeatedly and continuously with the intent to annoy, abuse, or harass in violation of 15 U.S.C. § 1692d (5);

f. Failed to show any debt that Plaintiff owes Defendants' client in violation of 15 U.S.C. § 1692g (a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants as follows:

A. Enter a permanent injunction to prevent Defendants from communication with Plaintiff, whether directly or indirectly.

B. Enter a permanent injunction to prevent Defendants from communication with each of the Plaintiff's family members and Plaintiff's business associates, whether directly or indirectly.

C. Award Plaintiff actual projected monetary damages in the amount of $200,000.

D. Award Plaintiff monetary civil penalties for each violation of the FDCPA.

E. For an award of court costs and attorneys' fees, plus any additional amounts sought and proven at the trial of this cause and awarded by the Court as an additional judgment pursuant to 15 U.S.C. § 1692k (a) (3).

F. For such further relief as the Court deems appropriate.

AMIT BHANTI and CHARU BHANTI, Plaintiffs

By: __s/ Syed E. Ahmad_____
      Their Attorney

Syed E. Ahmad
6294817
SA Law and Consulting, LLC
411 Hamilton Blvd, Suite 1720
Peoria, Illinois 61602
Phone: (309) 643-0310
E-mail: syed@salcfirm.com
stephanie@salcfirm.com