IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMIT BHANTI, and <br> CHARU BHANTI <br><br> Plaintiffs, <br><br> v. <br><br> THE COLLECTION LAW FIRM, LLC, <br> and DAVID KAHANA, individually and as <br> an officer of the company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:20-CV-1229 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Pending before the Court is Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction requesting that the Court order that Defendants stop engaging in abusive communications towards Plaintiffs that violates the Fair Debt Collection Practices Act ("FDCPA"). The Court held a hearing on July 7, 2022 and this opinion follows.

## BACKGROUND

On June 30, 2022, Plaintiffs Amit Bhanti and Charu Bhanti filed a one- count Complaint against Defendants, The Collection Firm, LLC and David Kahana, individually and as an officer of this company. Plaintiffs alleges that Defendants have been harassing them over a debt that their adult son allegedly owes to Defendant's client, Dre Medici, an individual.

Plaintiffs assert that Defendants called Plaintiffs repeatedly, specifically calling over twenty times between June 19 and 21, 2022. ECF No. 1. Defendant Kahana allegedly informed Plaintiffs that he will keep calling and that he will call their family, friends, and business interests until the Plaintiffs' adult son's debts are paid. *Id*. Plaintiff Amit Bhanti obtained an attorney to represent them and informed Defendant Kahana to not contact them directly, but to contact

1

Plaintiffs' attorney. *Id*. On June 23, 2022, Plaintiffs' attorney served Defendant Kahana with a written notice to cease all communication with Plaintiff Amit Bhanti whether directly or indirectly. Defendant Kahana responded in an email that he does not intend to cease or desist. ECF No. 1-2. Defendant Kahana confirmed that Plaintiff Amit Bhanti did not owe anything personally but claims that he was contacting Plaintiffs because Plaintiff Amit Bhanti knew that his son had this debt and had settled similar debts in the past. ECF No. 1-4.

Even after this communication with Counsel, Defendant Kahana called Plaintiffs' business associates and employees more than forty times between June 25, 2022 and June 30, 2022. ECF No. 1-4. Plaintiffs allege that during these calls, Defendant Kahana used obscene language. *Id*. Plaintiffs allege that the abusive calls made it difficult for Plaintiffs' employees to continue their work, caused low morale, and employees refused to handle call resulting in business loss. *Id*.

Plaintiffs allege that Defendants violated the FDCPA in several ways, including communicating with Plaintiffs after being told to cease communication and that Plaintiff was represented by an attorney. Plaintiffs further allege that Defendants violated the FDCPA by using obscene language, and repeatedly and continuously calling Plaintiffs with the intent to abuse, annoy or harass. Plaintiffs further allege that Defendants threatened to sue them for debts that they do not owe and failed to show any debt that Plaintiffs owe, also in violation of the FDCPA. Plaintiffs attached email and letter communications they had with Defendant and included an affidavit from Plaintiff Charu Bhanti declaring all of the statements in the Motion for Temporary Restraining Order and Complaint were true based on her personal knowledge and review of the records.

Plaintiffs also filed a Motion for Temporary Restraining Order and Request for Preliminary Injunction Hearing. ECF No. 2. Plaintiffs seek an order barring Defendants from communicating

with Plaintiffs, their family members, or their business associate and from otherwise violating the FDCPA as it applies to Plaintiffs. Plaintiffs also seek an expedited discovery schedule and a hearing on a preliminary injunction. The Court set a hearing on the Motion and Counsel provided Defendants notice of the hearing by sending an email and certified letter on July 2, 2022. ECF No. 6.

Plaintiffs appeared in open court with Counsel at the hearing held on July 7, 2022. Defendant Kahana was given the option to participate via Zoom and opted to appear via telephone. Defendant Kahana did not have Counsel and since he is not an attorney, he may not represent The Collections Law Firm LLC. *See United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008). Accordingly, The Collections Law Firm, LLC did not appear at the hearing despite having notice and the Court held that it defaulted for the purposes of this hearing.

## LEGAL STANDARD

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674. 689-90 (2008)); *see also Cassell v. Snyders*, 990 F.3d 539, 544–45 (7th Cir. 2021) (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

One distinction between a preliminary injunction order and a temporary restraining order is that in certain circumstances, a Court may issue a TRO without notice to the defendant. *See* Fed. R. Civ. Pro. 65(a)(1); b(1). Rule 65 of the Federal Rules of Civil Procedure requires that the Court issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant's attorney certifies in writing any efforts to give notice and the reasons why it should not be required. Fed. R. Civ. Pro. 65 (b)(1). These strict requirements, "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438-39 (1974). Such circumstances include "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).

Here, however, Plaintiffs' Counsel certified in writing that he provided Defendants an email notice and also sent a copy of the notice via certified mail of the Complaint, TRO, and the scheduled hearing five days in advance of the hearing. Defendant Kahana also appeared for himself and did not retain an attorney. He had the opportunity to present evidence or testify under oath on his own behalf. He declined to present any evidence and refused the opportunity to testify under oath. Accordingly, the Court agrees that it is appropriate here to enter a preliminary injunction order against Defendant Kahana who represented himself and The Collection Law Firm, LLC, which defaulted for the purposes of this hearing since Defendants had notice of the hearing and an opportunity to be heard.

## DISCUSSION

Plaintiffs provided an affidavit swearing to the veracity of the statements made in the Complaint and TRO. At the hearing, both Plaintiffs testified under oath. Mr. Bhanti confirmed many of the allegations in that Complaint and further elaborated he started receiving calls from Defendant Kahana around June 18th or 19th of this year regarding an alleged debt of his son. He

4

claims that Defendant Kahana used profane language, including calling him an "asshole," "fuckface," and "shitface." He claims that Kahana called his 16-year-old daughter, the CFO of his company, his ex-sister-in-law, and numerous business lines. Mr. Bhanti said that his employees were frantic and wished to call the police and that his wife and daughter were also upset. The calls were especially disruptive because his company works with hospitals and patients and needs to answer unknown calls.

Mrs. Bhanti also testified that she received numerous calls to her phone but did not answer Defendants' calls because she was aware he was harassing other family members. Her 16-year-old daughter was also upset by the situation and all the calls she received. While Mrs. Bhanti was with a patient at work at her and her husband's business Comprehensive Prosthetics and Orthotics, an employee came into the room red-faced and upset. The employee told her that someone called demanding to know where Amit was, cussed at her, and insisted she tell him Amit's location. Mr. Kahana told the employee that he would take "you all" to court.

At the hearing, Defendant declined to provide testimony under oath. He did, however, provide argument and cross-examined witnesses. During argument, he stated that the underlying debt owed by Plaintiffs' son is owed by Plaintiffs' son's business. Accordingly, he argues that the FDCPA does not apply. Defendant did not present any evidence that the underlying debt was owed by a business. Plaintiffs both suggested that they did not believe the debt was owed by a business, at least not any business that they were involve with. Moreover, as Plaintiffs' Counsel pointed out, Defendant is harassing individuals who testified they are not involved with their son's business that may owe the debt.

Plaintiffs' sworn affidavit and testimony at the hearing confirms Defendants violated multiple provisions of the FDCPA. 15 U.S.C § 1692c(a)(2) states that a debt collector may not

communicate with a consumer in connection with collection of any debt "if the debt collector knows the consumer is represent by an attorney with respect to such debt" and the debt collector knows or can readily obtain the attorney's name and address. 15 U.S.C § 1692c(a)(2). Debt collectors also may not contact third parties about the debt other than consumer reporting agency if otherwise permitted by law, the creditor, the creditor's attorney, or the det collector's attorney. 15 U.S.C § 1692c(a)(2). Defendants' harassment of Plaintiffs and their business associates plainly violates this provision. The unchallenged testimony demonstrates that Defendants threatened legal action against Plaintiffs and their associates when Defendant Kahan acknowledges that Plaintiffs do not themselves owe the debt in violation of 15 U.S.C § 169e(5). Plaintiffs sworn testimony also supports their claim that Defendants used obscene language and caused the telephone to ring repeatedly with he intent to abuse in violation of 15 U.S.C § 1692d(2) and § 1692d(5). Finally, Plaintiffs' present sworn testimony and an email exchange that demonstrate Defendants refused to show any debt that Plaintiffs owe in violation of 15 U.S.C § 1692g(a).

  Plaintiffs have supported their arguments with sworn testimony and written correspondence between their attorney and Defendants. They have demonstrated a strong likelihood of success on the merits. They also explain that Defendants continued harassment is inflicting emotional distress on Plaintiffs and minor children in their household. Defendants are also harassing employees and business relations, causing reputational harm to Plaintiffs' business, demoralizing employees to the point that they are refusing to handle phone call, resulting in a loss of business. Defendants' behavior irreparably harms Plaintiffs given the stress that having relentlessly harassing phone calls has on Plaintiffs, their family, and their employees, as well as the reputational damage to their business. There is also no adequate remedy at law that could otherwise make Plaintiffs whole. An early injunction is necessary to protect Plaintiffs from plainly

illegal conduct. The public is also served by ordering Defendants to follow the law. The FDCPA is clear that many of Defendants' actions are prohibited, and Plaintiffs seek an injunction that only goes so far as to require Defendants' compliance with the law. Accordingly, Defendants will suffer no harm in that they are only being ordered to do that which is already legally required of them. Defendant Kahana also stated during the hearing that we would not contact Plaintiffs directly, anyway. Thus, it is clear that that the balance of equities favors granting Plaintiffs injunctive relief.

Accordingly, the Court sees no obstacle to finding that a preliminary injunction is appropriate.

## CONCLUSION

It is ORDERED as follows:

1. Plaintiffs' Motion for a Temporary Restraining Order and Request for a Preliminary Injunction [2] is GRANTED;

2. Defendants shall not directly contact Plaintiffs or attempt to indirectly contact Plaintiffs except via Plaintiffs' Counsel for purposes of this case;

3. Defendants shall not directly contact or attempt to indirectly contact Plaintiffs' family members;

4. Defendants shall not directly contact or attempt to indirectly contact any of Plaintiffs' business associates or employees;

5. Defendants shall comply with the FDCPA as it applies to Plaintiffs.

This Preliminary Injunction shall remain in effect until further order of the Court or the conclusion of this lawsuit.

ENTERED this 7th day of July, 2022.

                                            /s/ Michael M. Mihm
                                            Michael M. Mihm
                                            United States District Judge